Filed 2/4/22  P. v. Pereda CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B312213 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.BA468197) |
| v. | |
| ANTHONY PEREDA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lynne M. Hobbs, Judge.  Dismissed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Appellant Anthony Pereda appealed the denial of his petition for resentencing under former Penal Code, section 1170, subdivision (d)(1).[1]  Appellant's appointed counsel filed a brief on appeal raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  We also have conducted an independent examination of the entire record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and conclude no arguable issues exist. We therefore dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2019, the People filed an information charging appellant with two counts of  attempted premeditated murder (§§ 664, 187, subd. (a)) (counts 1 and 2), shooting at an inhabited dwelling (§ 246) (count 3), and in a separate incident, causing serious bodily injury while evading arrest in a vehicle (Veh. Code, § 2800.3, subd. (a)) (count 4).  The information further alleged that as to counts 1, 2, and 3, appellant personally used and discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)-(d)), and committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C).)

On September 30, 2020, appellant pled no contest to counts 1 and 3, with count 1 amended to second degree attempted murder.  Appellant also admitted the firearm allegation under section 12022.53, subdivision (b).  The court sentenced appellant to a total of 17 years in prison, consisting of the middle term of

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. At the time of appellant's petition, section 1170, subdivision (d)(1) allowed the court to recall a sentence and resentence the defendant within 120 days of the date of commitment. Section 1170 was amended effective January 1, 2022.

seven years on count 1, plus 10 years for the enhancement under section 12022.53, subdivision (b), and a concurrent term of three years on count 3. In addition, appellant waived 364 days of custody credit.

On December 17, 2020, appellant moved for resentencing under former section 1170, subdivision (d)(1). Relying on the Los Angeles County District Attorney's Special Directive 20-08, dated December 7, 2020, appellant asserted that the District Attorney's office was no longer pursuing sentence enhancements and would not oppose requests for resentencing under section 1170, subdivision (d)(1). Appellant asserted that had the Special Directive been in place at the time of his sentencing, his sentence would have been only seven years, without the 10-year enhancement under section 12022.53, subdivision (b). He asserted that under the equal protection provisions of the United States and California Constitutions, he was entitled to the same treatment as those being sentenced after the Special Directive became effective.

The People opposed appellant's resentencing request. The People stated that appellant was a known member of the Street Villains gang, and in the crime at issue he and others drove to a house known to be a rival gang's hangout. A woman was on the front porch with a three-year-old child playing next to her; five more people were inside the house. From the car, appellant fired at the house, hitting the three-year-old child "in the face with an exit wound near the right side of her neck." The driver of the car was arrested about a week later; he was tried and convicted. Appellant was later arrested and charged.

The People argued that section 1170, subdivision (d)(1) allows for a sentence modification "in the interest of justice,"

which did not apply in this case. The People noted that appellant was sentenced on a negotiated plea deal, which included appellant's admission of the firearm allegation. The opposition continued, "Given [appellant's] maximum exposure of multiple life sentences in state prison, this settlement was reasonable and furthered justice in that [appellant] received a determinate sentence. Simply put: The People would not have agreed to a plea without acceptance of these terms."

In a written response, appellant again asked the court to use its discretion to strike the section 12022.53, subdivision (b) enhancement and sentence him to a term of seven years. Appellant argued that striking the enhancement would be in the interest of justice, because he was sentenced more harshly than he would have been had he been sentenced after the Special Directive was in place. He also reasserted his equal protection arguments.

At the hearing, the prosecutor asserted that plea deals were not being negotiated differently in light of the Special Directive, and in this case, "we would still be seeking a sentence somewhere in the neighborhood of 17 years, and we would use special allegations to get there." The prosecutor further argued that a sentence reduction would not be in the interest of justice. Appellant's counsel submitted on the written motion. The court stated that it had read all the papers, "and the court declines to exercise its discretion, finding to do so is not within the interests of justice. So your motion is denied."

Appellant timely appealed.

### DISCUSSION

Appellant's appointed counsel filed a brief raising no issues and invoking *Serrano, supra,* 211 Cal.App.4th 496. Under

4

*Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding, an appellate court may dismiss the appeal if the appellant fails to file a supplemental brief. (*Id.*, at pp. 498, 503.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We received no response. Under those procedures, we have no duty independently to review the record for reasonably arguable issues. (See *People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) We have nonetheless independently reviewed the full record under *Wende, supra*, 25 Cal.3d 436, and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende, supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


COLLINS, J.

We concur:


MANELLA, P. J.


CURREY, J.